■ BENJAMIN J. KRIPKE, Respondent, v BENEDICTINE HOSPITAL et al., Appellants. [634 NYS2d 567] —Casey, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered

January 12, 1995 in Ulster County, which, *inter alia*, directed defendants to comply with plaintiff's notice for further discovery and inspection.

Plaintiff was appointed Chairperson of the Anesthesiology Department (hereinafter the Department) of defendant Benedictine Hospital (hereinafter the Hospital) in 1983, and plaintiff's professional corporation provided all the services required of that Department for the Hospital. Apparently, the services provided were unsatisfactory and at a meeting in 1990 the Department of Surgery of the Hospital adopted a resolution expressing a "vote of no confidence" in the Department. In June 1992, plaintiff was informed by letter that his contract with the Hospital would not be renewed. The charges and explanations that followed resulted in plaintiff's attorney advising the Hospital that plaintiff was vacating his position of Chairperson based on the constructive termination of his contract with the Hospital.

Plaintiff then commenced this action against the Hospital and defendant John A. Blair, III, a member of the Department of Surgery, alleging breach of contract, infliction of emotional distress and interference with plaintiff's business and profession. After joinder of issue, plaintiff served a notice of discovery and inspection. Pursuant to this notice, defendants produced some documents relating to plaintiff and the Department, such as correspondence, contracts and minutes from the various meetings at the Hospital. Pursuant to court order, a certificate of readiness was filed with a note of issue in December 1994. The certificate of readiness stated that discovery had not been completed. At a court-ordered conference in chambers, plaintiff served defendants with a second notice of discovery and inspection seeking numerous documents. Supreme Court ordered the Hospital to make the requested documents available to plaintiff's counsel, and a motion for reconsideration was denied. Defendants appeal from that part of Supreme Court's order which required defendants to produce documents in response to plaintiff's second notice for discovery and inspection. We stayed compliance pending defendant's appeal.

Request No. 1 of plaintiff's second notice for discovery is overly broad and Supreme Court erred in ordering the Hospital to produce the documents. Supreme Court ordered the production of the minute books of the Board of Directors, the Surgical Committee, the Medical Executive Committee and the Credentialling Committee, covering a five-year period from January 1988 through December 1992. The Hospital has produced many minutes of meetings documenting the history of complaints

against the Department and plaintiff's performance as Chairperson, as well as extensive correspondence regarding the perceived problems in the Department which resulted in the resolution about which plaintiff complains. There has been no showing of what, if any, relevance five years of minutes has to plaintiff's case. Although Supreme Court has broad discretion in supervising discovery, we find that the court's order in this case was overly broad and without proper foundation. Although plaintiff claims that the overly broad contention was not raised by the Hospital before Supreme Court and, therefore, is not properly before this Court, the letter to Supreme Court seeking reconsideration states that the discovery request was objected to at the conference on the basis that the materials were unrelated to plaintiff. Thus, we find no merit in plaintiff's argument that the issue was not raised before Supreme Court. The order should be modified to delete the requirement that defendants comply with the overly broad request.

Cardona, P. J., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law and the facts, with costs to defendants, by deleting so much thereof as requires that defendants comply with request No. 1 of plaintiff's second notice for discovery and inspection, and, as so modified, affirmed.